**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SOLAS OLED LTD., <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., <br><br> Defendant. | CASE NO. 6:19-cv-00514-ADA <br><br> JURY TRIAL DEMANDED |

**DEFENDANT DELL INC.'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF SOLAS OLED LTD.'S FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Defendant Dell Inc. ("Dell"), by and through its undersigned counsel, hereby answers the First Amended Complaint filed by Plaintiff Solas OLED Ltd. ("Plaintiff" or "Solas") (Dkt. 13). Dell denies the allegations of the First Amended Complaint to the extent such allegations are not expressly admitted in the following paragraphs.

**Plaintiff Solas OLED and the '450 Patent.**

1. Dell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and thus denies these allegations.

2. Dell admits that U.S. Patent No. 6,072,450 ("the '450 patent") is entitled "Display Apparatus" and appears on its face to have issued on June 6, 2000. Dell admits that, upon information and belief, Exhibit 1 to the First Amended Complaint appears to be a copy of the '450 patent. Dell lacks knowledge or information sufficient to form a belief as to the truth of Solas' ownership of the '450 patent and thus denies those allegations. Dell denies any and all remaining allegations in Paragraph 2.

**Defendant and the Accused Products.**

3.   Dell admits it is a corporation organized and existing under the laws of the Delaware.  Dell admits for the purposes of this action that Dell maintains places of business within this District.

4.   Dell admits that one or more Dell Venue 8 models contains an organic light-emitting diode (OLED) display.  Dell denies any and all remaining allegations in Paragraph 4.

**Jurisdiction, venue, and joinder.**

5.   Dell states that the allegations in Paragraph 5 contain legal conclusions that require no answer.  To the extent an answer is required, Dell admits that the Complaint purports to be an action for patent infringement arising under Title 35 of the United States Code.  Dell denies that it is liable for patent infringement as alleged by Solas.  Dell does not contest that this Court has subject matter jurisdiction over Solas' claim for patent infringement.

6.   Dell states that the allegations in Paragraph 6 contain legal conclusions that require no answer.  To the extent an answer is required, Dell does not contest, for purposes of this action only, that the Court has personal jurisdiction over Dell.  Dell admits for the purposes of this action that Dell has conducted business in this District, but Dell denies that it has committed any acts of patent infringement in the State of Texas or this District.  Dell denies any and all remaining allegations in Paragraph 6.

7.   Dell states that the allegations in Paragraph 7 contain legal conclusions that require no answer.  To the extent an answer is required, Dell does not contest, for purposes of this action only, that venue is proper in this District.  Dell admits that it has offices at One Dell Way, Round Rock, TX 78682.  Dell denies any and all remaining allegations in Paragraph 7.

### Count 1 – Claim alleging infringement of the '450 patent.

8. Dell restates and incorporates by reference its answers to Paragraphs 1 through 7 as if fully set forth herein.

9. Dell admits that the '450 patent is entitled "Display Apparatus" and appears on its face to have been issued on June 6, 2000.

10. Dell lacks knowledge or information sufficient to form a belief as to the truth of Solas' ownership of the '450 patent and thus denies those allegations. Dell denies any and all remaining allegations in Paragraph 10.

11. Denied.

12. Dell states that the allegations in Paragraph 12 contain legal conclusions that require no answer. Dell denies that it is liable for patent infringement as alleged by Solas, and denies any and all remaining allegations in Paragraph 12.

13. Denied.

14. Dell states that the allegations in Paragraph 14 contain legal conclusions that require no answer. Dell denies that it is liable for patent infringement as alleged by Solas. Dell admits that one or more Dell Venue 8 models includes an OLED panel. Dell denies any and all remaining allegations set forth in Paragraph 14.

15. Denied.

### Jury demand.

16. No response to Solas' demand of trial by jury is necessary.

### Relief requested.

No response to the prayer for relief is necessary. Dell denies any allegations contained in the prayer for relief, and denies that Solas is entitled to any of the requested relief.

## Affirmative and Other Defenses

Without assuming any burden Dell would otherwise not have, Dell asserts the following defenses:

### FIRST DEFENSE
### (Non-infringement)

Dell has not directly infringed any valid claim of the '450 patent, either literally or under the doctrine of equivalents.

### SECOND DEFENSE
### (Invalidity)

Each claim of the '450 patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of Sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

### THIRD DEFENSE
### (Prosecution History Estoppel)

Solas' claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent Solas alleges infringement under the doctrine of equivalents.

### FOURTH DEFENSE
### (Equitable Doctrines)

Solas' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.

### FIFTH DEFENSE
### (License and Exhaustion)

Solas' claims of patent infringement are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized. Solas' claims of patent

infringement are also barred to the extent that Solas has exhausted its rights and remedies as to the alleged infringement.

## SIXTH DEFENSE
### (Lack of Standing)

Solas lacks standing to assert the '450 patent.

## SEVENTH DEFENSE
### (Extraterritoriality)

Solas' claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

## EIGHTH DEFENSE
### (Limitation on Damages Under Section 286)

Solas' claims for damages are barred to the extent Solas seeks damages beyond the applicable statute of limitations, 35 U.S.C. § 286.

## NINTH DEFENSE
### (Limitation on Damages Under Section 287)

Solas' claims for damages prior to the date of notice to Dell are barred to the extent the requirements of 35 U.S.C. § 287 have not been met.

## TENTH DEFENSE
### (No Attorneys' Fees)

Solas cannot show that it is entitled to attorneys' fees or other relief pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Dell has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Dell reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaim-Plaintiff Dell Inc. brings these Counterclaims against Plaintiff and Counterclaim-Defendant Solas OLED, Ltd. ("Solas") and allege the following:

## PARTIES

1. Dell is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Dell Way, Round Rock, TX 78682.

2. Upon information and belief, Solas is an Irish corporation having its address at 4-5 Burton Hall Road, Sandyford, Dublin 18.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,072,450 (the "'450 patent"). This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, 2202.

4. Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391 and 1400, as a result of Solas having filed this action in this District. By filing its Complaint in this District, Solas has consented to personal jurisdiction and venue.

## BACKGROUND

5. On August 30, 2019, Solas filed suit against Dell Technologies Inc., alleging infringement of the '450 patent. (Dkt. 1). On November 9, 2019, Solas filed an amended complaint asserting the same against Dell. (Dkt. 13).

6. An actual, substantial, and continuing justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Solas and Dell concerning the infringement and validity of the '450 patent. This controversy is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

## FIRST COUNTERCLAIM
## (NON-INFRINGEMENT OF '450 PATENT)

7. Dell incorporates Paragraphs 1 through 6 of its Counterclaims as if fully set forth herein.

8. The '450 patent expired on or about November 21, 2017.

9. Dell has not infringed any valid and enforceable claims of the '450 patent.

10. Dell is entitled to a declaratory judgment that it did not infringe any valid and enforceable claims of the '450 patent.

## SECOND COUNTERCLAIM
## (INVALIDITY OF '450 PATENT)

11. Dell incorporates Paragraphs 1 through 10 of its Counterclaims as if fully set forth herein.

12. Each claim of the '450 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. Dell is entitled to a declaratory judgment that the claims of the '450 patent are invalid.

## DEMAND FOR JURY TRIAL

Dell demands a jury trial on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Dell respectfully prays for judgment and relief as follows:

A. That Solas take nothing by reason of its Complaint, that the Complaint be dismissed with prejudice, and that judgment be rendered in favor of Dell and against Solas;

B. That Dell be granted declaratory judgment that Dell has not infringed the '450 patent;

C.  That Dell be granted declaratory judgment that the claims of the '450 patent are invalid;

D.  That Dell be awarded its costs and expenses incurred in this action;

E.  That Dell be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

F.  For all other and further relief as the Court deems proper.

Dated: November 25, 2019							Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Motions for Admission *Pro Hac Vice* forthcoming:

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANT DELL INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, November 25, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith