**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SOLAS OLED LTD., | |
|                Plaintiff, | |
|    v. | CASE NO. 6:19-cv-00514-ADA |
| DELL INC., | JURY TRIAL DEMANDED |
|                Defendant. | |

**<u>SAMSUNG DISPLAY CO., LTD.'S UNOPPOSED MOTION TO INTERVENE</u>**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

I.      SAMSUNG DISPLAY MEETS THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT UNDER RULE 24(a)(2). ............................................................................ 2

        A.      Samsung Display's Motion Is Timely. ................................................................ 3

        B.      Samsung Display Has a Significant Interest in This Lawsuit. ............................... 4

        C.      Samsung Display's Ability to Protect Its Interests Will be Impaired If It Cannot Intervene. ................................................................................................ 5

        D.      Dell Is Not Situated To Defend Samsung Display's Products. ............................. 6

II.     IN THE ALTERNATIVE, SAMSUNG DISPLAY SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY. ................................................................................. 7

III.    CONCLUSION ..................................................................................................................... 8

CERTIFICATE OF SERVICE ....................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brumfield v. Dodd*,
    749 F.3d 339 (5th Cir. 2014) ..................................................................................................2

*Chandler & Price Co. v. Brandtjen & Kluge, Inc.*,
    296 U.S. 53 (1935)..................................................................................................................4

*City of Houston v. Am. Traffic Sols., Inc.*,
    668 F.3d 291 (5th Cir. 2012) ..................................................................................................2

*Corley v. Jackson Police Dep't*,
    755 F.2d 1207 (5th Cir. 1985) ................................................................................................3

*Delphi Corp. v. Auto. Techs. Int'l, Inc.*,
    2008 WL 2941116 (E.D. Mich. July 25, 2008) ......................................................................6

*Edwards v. City of Houston*,
    78 F.3d 983 (5th Cir. 1996) ....................................................................................................3

*HBB Ltd. P'ship v. Ford Motor Co.*,
    1992 WL 348870 (N.D. Ill. Nov. 10, 1992) ...........................................................................8

*Honeywell Int'l Inc. v. Audiovox Comm'cns Corp.*,
    2005 WL 2465898 (D. Del. May 18, 2005)............................................................................6

*Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002) .......................7

*Intellectual Ventures I LLC v. AT&T Mobility LLC*, 2014 WL 4445953 (D. Del.
    Sept. 8, 2014) ......................................................................................................................4, 6

*NAACP v. New York*,
    413 U.S. 345 (1973).................................................................................................................3

*Reid v. Gen. Motors Corp.*,
    240 F.R.D. 257 (E.D. Tex. 2006)............................................................................................8

*Sec. and Exch. Comm'n v. U.S. Realty & Improvement Co.*,
    310 U.S. 434 (1940)................................................................................................................7

*Sierra Club v. Epsy*,
    18 F.3d 1212 (5th Cir. 1994) ..................................................................................................3

*Sierra Club v. Espy*,
    18 F.3d 1202 (5th Cir. 1994) ..................................................................................................2

*Solas OLED Ltd. v. Dell, Inc.*,
    6:19-cv-00514-ADA (W.D. Tex. Aug. 30, 2019)...................................................................5

*Solas OLED Ltd. v. Samsung Display Co., Ltd. et al.*,
    2:19-cv-00152-JRG (E.D. Tex.) .......................................................................................2, 5

*Stauffer v. Brooks Bros., Inc.*,
    619 F.3d 1321 (Fed. Cir. 2010)............................................................................................2

*Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*,
    458 F.3d 1335 (Fed. Cir. 2006)............................................................................................4

*Texas v. United States*,
    805 F.3d 653 (5th Cir. 2015) .......................................................................................2, 4, 6

*Trbovich v. United Mine Workers of Am.*,
    404 U.S. 528 (1972)..............................................................................................................6

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
    2010 WL 11488729 (E.D. Tex. May 10, 2019)..............................................................5, 6, 7

## Other Authorities

Federal Rule of Civil Procedure 24 ........................................................................................ *passim*

iii

## INTRODUCTION

Samsung Display Co., Ltd. ("Samsung Display") moves, without opposition, to intervene in this patent infringement action brought against its customer, Dell Inc. In this action, Plaintiff Solas OLED Ltd. ("Solas") alleges infringement by Dell based on the inclusion in certain Dell products of components supplied by Samsung Display. Samsung Display seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, alternatively, by permission under Rule 24(b)(1)(B).

Samsung Display has a direct and substantial interest in this litigation, having supplied Dell with displays accused in this action of infringing the asserted patent. Samsung Display has a substantial interest in defending the accused products against allegations of infringement. Samsung Display's relationship with Dell, and other customers, could also be impacted by the outcome of this litigation. Samsung Display meets the requirements for intervention as a matter of right under Rule 24(a)(2). Intervention under Rule 24(b)(1)(B) would also be warranted in this case.

Dell and Solas do not oppose Samsung Display's motion to intervene. Pursuant to Rule 24(c), a copy of Samsung Display's proposed Answer-in-Intervention is attached as Exhibit 1.

## BACKGROUND

On August 30, 2019, Plaintiff Solas OLED Ltd. ("Solas") filed suit against Dell asserting infringement of U.S. Patent No. 6,072,450 ("the '450 patent"). Dkt. 1; Dkt. 13. Solas's complaint alleges that the '450 patent is infringed by "Dell products with organic light-emitting diode ("OLED") displays. As an illustrative example, this includes Dell Venue 8 model tablets." Dkt. 13 ¶ 4.

Samsung Display is a manufacturer of display products, and has supplied to Dell the only OLED displays that are used in Dell Venue 8 tablets that Solas accuses of infringement.

Solas has also filed a separate patent infringement action against Samsung Display, and against Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd., in the United States District Court for the Eastern District of Texas. *See Solas OLED Ltd. v. Samsung Display Co., Ltd. et al.*, 2:19-cv-00152-JRG (E.D. Tex.). In the Eastern District of Texas action, Solas amended its complaint on August 23, 2019—one week before filing its original complaint against Dell—to assert infringement of the same '450 patent that is at issue in this case. In addition, Solas has identified certain Dell Venue 8 tablets as accused products with respect to the '450 patent in its infringement contentions in the Eastern District of Texas action.

## ARGUMENT

### I. SAMSUNG DISPLAY MEETS THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT UNDER RULE 24(a)(2).

Federal Rule of Civil Procedure 24(a) establishes four requirements for intervention as of right:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citation omitted). Because the issue of intervention is not unique to patent law, regional circuit law controls. *See Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010). The Fifth Circuit holds that courts "should allow intervention where no one would be hurt and the greater justice could be attained." *Texas*, 805 F.3d at 656–57 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) and citing *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). The Fifth Circuit further instructs that intervention as of right "must be measured by a practical rather than technical yardstick." *City of*

2

*Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012) (internal quotation marks omitted).

As set forth below, Samsung Display meets all four requirements under Rule 24(a) for intervention as of right.

### A.     Samsung Display's Motion Is Timely.

Samsung Display's motion to intervene is timely, satisfying the first requirement of Rule 24(a). "Timeliness is to be determined from all the circumstances." *Corley v. Jackson Police Dep't*, 755 F.2d 1207, 1209 (5th Cir. 1985) (quoting *NAACP v. New York*, 413 U.S. 345, 366 (1973)).  These circumstances include: (1) the time lapse between the notice of the intervenor's interest in the case to the filing of the motion to intervene, (2) the extent of prejudice to existing parties as a result of timing of the motion, (3) the extent of prejudice to the moving party if the court denies leave to intervene, and (4) the existence of unusual circumstances militating either for or against a court's determination that a motion is timely. *See Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996).  The circumstances here demonstrate that Samsung Display's motion to intervene is timely and will not prejudice the existing parties, who do not oppose Samsung Display's motion. Further, as discussed below, Samsung Display would be prejudiced by denial of intervention.

Samsung Display raised the issue of intervention with Solas before the initial Case Management Conference, and diligently sought Solas's consent before filing the present motion. Promptly after Solas advised on February 3, 2020 that it does not oppose intervention, Samsung Display filed this motion.[1]

---

[1] Moreover, the Fifth Circuit has explained that "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Epsy*, 18 F.3d 1212, 1205 (5th Cir. 1994).

3

The case remains at a very early stage. Dell answered the Amended Complaint on November 25, 2019, Dkt. 13; Dkt. 14, and the Court held the initial Case Management Conference on January 6, 2020. The *Markman* Hearing will take place on September 25, 2020, and discovery is not scheduled to be completed until May 7, 2021. Dkt. 31.

### B. Samsung Display Has a Significant Interest in This Lawsuit.

Samsung Display meets the requirement of a "direct, substantial, legally protectable interest in the proceedings." *Texas*, 805 F.3d at 657 (internal quotation marks omitted). "[This] inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Id.*

Samsung Display has a direct, substantial, and legally protectable interest in this litigation. *First*, Samsung Display developed, manufactured, and distributed to Dell OLED displays that, when implemented in the accused Dell Venue 8 tablets, are being accused of infringement by Solas. Courts have long recognized that a manufacturer has a significant, protectable interest in patent suits brought against its customers. *See, e.g.*, *Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (explaining, in a patent infringement action against a manufacturer's customers, that "intervention is necessary for the protection of [the intervenor's] interest"); *Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1344 (Fed. Cir. 2006) (explaining that "to the extent that [a supplier's interest vis-à- vis its customers] may be impaired by the Texas litigation, [the supplier] may seek to intervene in that litigation" under Rule 24(a)(2)); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, 2014 WL 4445953, at *2 (D. Del. Sept. 8, 2014) ("[In a patent infringement action,] intervention is necessary to enable Intervenors to protect their interest in products which Intervenors manufacture for Defendants, an interest put at risk by the litigation as Plaintiffs accuse these products of infringement.").

4

*Second*, Samsung Display provides similar display products to other customers and has an interest in defending allegations made against its technology. Indeed, Solas has sued Samsung Display in the Eastern District of Texas for alleged infringement of the '450 patent, including based on OLED displays that are incorporated into the accused products of a number of customers, including Dell. *See* Exhibit 2 (Solas's Infringement Contentions, *Solas OLED Ltd. v. Samsung Display Co., Ltd. et al.*, 2:19-cv-00152-JRG). And, Solas has filed suit in this Court against other customers of Samsung Display for allegedly infringing its patents. For example, Solas has sued Google for alleged infringement of the '450 patent and U.S. Patent No. 7,446,338, and Samsung Display is moving to intervene in that case as well (without opposition from Solas) to defend its interests. *See Solas OLED Ltd. v. Google LLC*, 6:19-cv-00515-ADA (W.D. Tex. Aug. 30, 2019) (alleging infringement of the '450 patent and U.S. Patent No. 7,446,338).

*Third*, Samsung Display has a direct and substantial interest in avoiding harm to its customer relationships. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2010 WL 11488729, at *2 (E.D. Tex. May 10, 2019) (explaining that a manufacturer may suffer "the loss of its customer base and reputation as a result of patent infringement allegations").

### C. Samsung Display's Ability to Protect Its Interests Will be Impaired If It Cannot Intervene.

Samsung Display's ability to protect and defend its OLED display products will be impaired if it cannot intervene in this action. Solas's allegations focus on OLED displays in certain Dell Venue 8 tablets, and Samsung Display is uniquely situated to explain the facts establishing noninfringement of technology supplied by Samsung Display. Samsung Display also has insight into the prior art, and is best suited to ensure that facts regarding the accused technology and prior art are fully developed and presented in this case. An adverse ruling on infringement could also impact Samsung Display's reputation and sales with customers. *See id.*, 2010 WL 11488729, at

*2. *See, e.g.*, *Honeywell Int'l Inc. v. Audiovox Comm'cns Corp.*, 2005 WL 2465898, at *4 (D. Del. May 18, 2005) (explaining that an LCD component manufacturer could "rightly claim that its interests will be impaired or affected, as a practical matter, by the disposition of the action, unless it is involved in the case directly and able to make its positions known").

### D. Dell Is Not Situated To Defend Samsung Display's Products.

As the Fifth Circuit has explained, to meet the fourth requirement of Rule 24(a), a movant need not show that the representation by existing parties *will* be inadequate, but rather that the representation of the movant's interest *may* be inadequate. *See Texas*, 805 F.3d at 661 (citing authorities). The Supreme Court has explained that "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

A manufacturer is understood to have a greater interest than its customers in defending against patent infringement claims involving its products. *See, e.g.*, *Honeywell*, 2005 WL 2465898, at *3 ("[F]rom the perspective of the host of defendants [plaintiff] has chosen to sue, and in the interest of judicial economy, dealing with the manufacturers first is the fairest and most efficient way to proceed. It is not a complication to be resisted."); *see also Delphi Corp. v. Auto. Techs. Int'l, Inc.*, 2008 WL 2941116, at *14 (E.D. Mich. July 25, 2008) (holding that manufacturer who "controlled the design and production . . . is in the best position to defend its own products").

Moreover, Dell is not "well-situated to understand and defend [Samsung Display's] products." *Intellectual Ventures*, 2014 WL 4445953, at *2. Dell would not have the requisite technical expertise in each of the display components provided by Samsung Display to defend against allegations of patent infringement based on specific features of those components. In contrast, Samsung Display has direct and intimate technological knowledge of its OLED displays, including their design and features.

6

Samsung Display's interest in defending its products from a finding of infringement also extends beyond Dell, as Samsung Display manufactures and sells OLED displays to other customers as well, including companies that may be competitors of Dell. Dell's defense of the infringement claims may be inadequate to protect Samsung Display's interest with regard to these competitors. *See, e.g.*, *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002).

*   *   *

Thus, Samsung Display meets all four requirements for intervention as of right under Rule 24(a).

## II.  IN THE ALTERNATIVE, SAMSUNG DISPLAY SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY.

Samsung Display alternatively requests to intervene under Rule 24(b), which permits intervention by a party who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Permissive intervention "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. and Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459–60 (1940).

Permissive intervention is appropriate here. Solas makes infringement allegations against OLED displays that were manufactured by Samsung Display and supplied to Dell. Samsung Display shares common questions of law and fact with Dell, including as to non-infringement of the accused products and invalidity of the asserted claims. *See U.S. Ethernet*, 2010 WL 11488729, at *2 (granting permissive intervention where intervenor shared common questions of law and fact and similar defenses as named defendant); *Reid v. Gen. Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (granting intervention where intervenor and named defendant shared issues of non-

7

infringement, invalidity, and unenforceability); *HBB Ltd. P'ship v. Ford Motor Co.*, No. 92-C-3287, 1992 WL 348870, at *2 (N.D. Ill. Nov. 10, 1992) ("Permitting the intervention by a manufacturer in a patent infringement case against its customers is well supported by case law.").

Additionally, as discussed above, there is no undue delay or prejudice to any party in this action. The litigation is still in an early stage, and the parties do not oppose intervention by Samsung Display. For these reasons, and the reasons discussed in Section I above, permissive intervention is warranted in this case.

## III.   CONCLUSION

For the foregoing reasons, Samsung Display respectfully requests that it be granted intervention as a matter of right, under Rule 24(a)(2), or, alternatively, permissive intervention under Rule 24(b)(1)(B).

Dated: February 19, 2020										Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR SAMSUNG DISPLAY CO., LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, February 19, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*
Melissa R. Smith