# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., <br><br> Defendant, <br><br> and <br><br> SAMSUNG DISPLAY CO., LTD., <br><br> Intervenor. | CASE NO. 6:19-cv-00514-ADA <br><br> **JURY TRIAL DEMANDED** |

## ANSWER IN INTERVENTION

Intervenor Samsung Display Co., Ltd. ("Samsung Display"), by and through its undersigned counsel, hereby answers the First Amended Complaint filed by Plaintiff Solas OLED Ltd. ("Plaintiff" or "Solas"). Dkt. 13. Samsung Display denies the allegations of the First Amended Complaint to the extent such allegations are not expressly admitted in the following paragraphs.

**Plaintiff Solas OLED and the '450 Patent.**

1. Samsung Display lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and thus denies these allegations.

2. Samsung Display admits that U.S. Patent No. 6,072,450 ("the '450 patent") is entitled "Display Apparatus" and appears on its face to have issued on June 6, 2000. Samsung Display admits that, upon information and belief, Exhibit 1 to the First Amended Complaint

appears to be a copy of the '450 patent. Samsung Display lacks knowledge or information sufficient to form a belief as to the truth of Solas' ownership of the '450 patent and thus denies those allegations. Samsung Display denies any and all remaining allegations in Paragraph 2.

### Defendant and the Accused Products.

3. Samsung Display is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies them.

4. Samsung Display admits that one or more Dell Venue 8 models contains an organic light-emitting diode (OLED) display. Samsung Display denies any and all remaining allegations in Paragraph 4.

### Jurisdiction, venue, and joinder.

5. Samsung Display states that the allegations in Paragraph 5 contain legal conclusions that require no answer. To the extent an answer is required, Samsung Display admits that the Complaint purports to be an action for patent infringement arising under Title 35 of the United States Code. Samsung Display does not contest that this Court has subject matter jurisdiction.

6. Samsung Display is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 as they relate to Dell, and on that basis, denies them. Samsung Display denies the allegations of Paragraph 6 of the First Amended Complaint to the extent that they relate to Samsung Display, except those allegations that consist of legal conclusions or legal arguments, to which no response is required.

7. Samsung Display states that the allegations in Paragraph 7 contain legal conclusions that require no answer. Samsung Display is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 as they relate to Dell.

To the extent an answer is required, Samsung Display does not contest, for purposes of this action only, that venue is proper in this District.

### Count 1 – Claim alleging infringement of the '450 patent.

8. Samsung Display restates and incorporates by reference its answers to Paragraphs 1 through 7 as if fully set forth herein.

9. Samsung Display admits that the '450 patent is entitled "Display Apparatus" and appears on its face to have been issued on June 6, 2000.

10. Samsung Display lacks knowledge or information sufficient to form a belief as to the truth of Solas' ownership of the '450 patent and thus denies those allegations. Samsung Display denies any and all remaining allegations in Paragraph 10.

11. Denied.

12. Paragraph 12 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Samsung Display lacks sufficient knowledge or information about Solas and its predecessors in interests' compliance with 35 U.S.C. § 287(a) with respect to the '450 patent, and on that basis, denies those allegations. Samsung Display denies that Dell has infringed the '450 patent based on technology supplied by Samsung Display. Samsung Display denies that Solas is entitled to any damages from Samsung Display or Dell.

13. To the extent the allegations of Paragraph 13 of the First Amended Complaint relate to alleged infringement based on technology supplied by Samsung Display, Samsung Display denies the allegations. Otherwise, Samsung Display lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 of the First Amended Complaint as they relate to Dell and, on that basis, denies them. Samsung Display denies the allegations of Paragraph 13 of the First Amended Complaint to the extent they relate to Samsung Display, except

3

those allegations that consist of legal contentions or legal arguments to which no response is required.

14.   Paragraph 14 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent the allegations of Paragraph 14 of the First Amended Complaint relate to alleged infringement based on technology supplied by Samsung Display, Samsung Display denies the allegations. Otherwise, Samsung Display lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of the First Amended Complaint as they relate to Dell and, on that basis, denies them. Samsung Display denies the allegations of Paragraph 14 of the First Amended Complaint to the extent they relate to Samsung Display, except those allegations that consist of legal contentions or legal arguments to which no response is required.

15.   To the extent the allegations of Paragraph 15 of the First Amended Complaint relate to alleged infringement based on technology supplied by Samsung Display, Samsung Display denies the allegations. Otherwise, Samsung Display lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the First Amended Complaint as they relate to Dell and, on that basis, denies them. Samsung Display denies the allegations of Paragraph 15 of the First Amended Complaint to the extent they relate to Samsung Display, except those allegations that consist of legal contentions or legal arguments to which no response is required.

**Jury demand.**

16.   No response to Solas' demand of trial by jury is necessary.

**Relief requested.**

No response to the prayer for relief is necessary. Samsung Display denies any allegations contained in the prayer for relief, and denies that Solas is entitled to any of the requested relief.

4

**Affirmative and Other Defenses**

Without assuming any burden Samsung Display would otherwise not have, Samsung Display asserts the following defenses:

**FIRST DEFENSE**
**(Non-infringement)**

Dell has not directly infringed any valid claim of the '450 patent, either literally or under the doctrine of equivalents based on or as a result of technology supplied by Samsung Display.

**SECOND DEFENSE**
**(Invalidity)**

Each claim of the '450 patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of Sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

**THIRD DEFENSE**
**(Prosecution History Estoppel)**

Solas' claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent Solas alleges infringement under the doctrine of equivalents.

**FOURTH DEFENSE**
**(Equitable Doctrines)**

Solas' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, and/or unclean hands.

**FIFTH DEFENSE**
**(License and Exhaustion)**

Solas' claims of patent infringement are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized. Solas' claims of patent

5

infringement are also barred to the extent that Solas has exhausted its rights and remedies as to the alleged infringement.

### SIXTH DEFENSE
### (Lack of Standing)

Solas lacks standing to assert the '450 patent.

### SEVENTH DEFENSE
### (Extraterritoriality)

Solas' claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

### EIGHTH DEFENSE
### (Limitation on Damages Under Section 286)

Solas' claims for damages are barred to the extent Solas seeks damages beyond the applicable statute of limitations, 35 U.S.C. § 286.

### NINTH DEFENSE
### (Limitation on Damages Under Section 287)

Solas' claims for damages prior to the date of notice to Dell are barred to the extent the requirements of 35 U.S.C. § 287 have not been met.

### TENTH DEFENSE
### (No Attorneys' Fees)

Solas cannot show that it is entitled to attorneys' fees or other relief pursuant to 35 U.S.C. § 285.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Samsung Display has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Samsung Display reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Samsung Display respectfully prays that the Court:

A.  Dismiss Solas's Complaint with prejudice, and that judgment be rendered in favor of Dell and against Solas;

B.  Grant declaratory judgment that Dell has not infringed the '450 patent based on technology supplied by Samsung Display;

C.  Grant declaratory judgment that the claims of the '450 patent are invalid;

D.  Award Samsung Display its costs and expenses incurred in this action;

E.  Award Samsung Display its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

F.  Grant Samsung Display such other and further relief as the Court deems proper.

Dated: February 19, 2020            Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR SAMSUNG DISPLAY CO., LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, February 19, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*
Melissa R. Smith