**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SOLAS OLED LTD.,<br><br>Plaintiff,<br><br>v.<br><br>DELL INC.,<br><br>Defendant. | CASE NO. 6:19-cv-00514-ADA |

**DEFENDANT DELL INC.'S MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. ARGUMENT ..... 3

A. Solas Will Not Suffer Undue Prejudice. ..... 4

B. This Case Is in Its Early Stages ..... 5

C. The IPR Proceeding Will Simplify or Eliminate Issues, Streamlining Litigation and Reducing the Burden on the Parties and This Court ..... 6

D. Efficiency Considerations Underlying the First-to-File Rule and Customer-Suit Doctrine Further Warrant a Stay. ..... 7

IV. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**CASES** Page

*ArcelorMittal Atlantique et Lorraine v. AK Steel Corp.*,
908 F.3d 1267 (Fed. Cir. 2018)....................9

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017)....................5, 7

*Click-to-Call Techs. LP v. Ingenio, Inc.*,
No. A-12-CA-465-SS, 2013 WL 11311782 (W.D. Tex. Dec. 5, 2013) ....................3

*Corel Software, LLC v. Microsoft Corp.*,
No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747 (D. Utah Aug. 23, 2016)....................7

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS,
2015 WL 3773014 (W.D. Tex. Jun. 16, 2015) ....................4

*In re Dell Inc.*,
600 F. App'x 728 (Fed. Cir. 2015) ....................8

*Dwyer v. USAA Savings Bank*,
No. SA–17–CA–252–FB, 2017 WL 7805760 (W.D. Tex. Nov. 21, 2017) ....................1, 4, 5

*In re Google Inc.*,
588 F. App'x 988 (Fed. Cir. 2014) ....................9

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sept. 9, 2017)....................7

*Landmark Tech., LLC v. iRobot Corp.*,
No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ....................5

*Mendenhall v. Barber-Greene Co.*,
26 F.3d 1573 (Fed. Cir. 1994)....................9

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. March 11, 2015)....................6

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014)....................8

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)....................5

*Orbital Australia Pty v. Daimler AG*,
No. 15-CV-12398, 2015 WL 5439774 (E.D. Mich. Sept. 15, 2015)....................4

*In re Telebrands Corp.*,
773 F. App'x 600 (Fed. Cir. 2016) ....................................................................................7

*Versata Software, Inc. v. Callidus Software, Inc.*,
771 F.3d 1368 (Fed. Cir. 2014)........................................................................................5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....................................................................................4, 5

## I. INTRODUCTION

The sole patent that Plaintiff Solas OLED Ltd. asserts against Dell Inc. in this action—U.S. Patent No. 6,072,450 ("the '450 patent")—expired in 2017. On November 7, 2019, less than three months after Solas filed its original complaint, Dell petitioned for *inter partes* review ("IPR") of the '450 patent, jointly with Samsung Display Co., Ltd., ("Samsung Display"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. Dell filed its IPR petition before the case management conference and before any discovery in this action.

Dell respectfully requests a stay of this litigation pending IPR of the '450 patent. The three factors considered for such a stay—"(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set," *Dwyer v. USAA Savings Bank*, No. SA–17–CA–252–FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)—all support staying this case. *First*, a stay will not unduly prejudice Solas, because Solas does not compete with Dell and does not practice the '450 patent. The '450 patent is expired, and Solas does not (and could not) seek injunctive relief. *Second*, the case is in its very early stages. Staying the case now would conserve the Court's and the parties' resources. *Third*, IPR is likely to simplify the issues in this matter. The IPR petition encompasses all asserted claims of the '450 patent. Cancellation of all or some of those claims would narrow the issues to be addressed, and Solas's statements in an IPR proceeding would be relevant to claim construction and other issues in this case.

Considerations of judicial efficiency further support a stay. Before suing Dell in this action, Solas filed suit in the Eastern District of Texas against Samsung Display—the manufacturer

of the displays in the accused Dell Venue 8 tablets—alleging infringement of the same ’450 patent based on the same Dell Venue 8 tablets at issue in this case. Under traditional first-to-file principles, the Court should stay this action until the resolution of the earlier-filed Eastern District of Texas action. In addition, the fact that Solas’s first-filed Eastern District action is against the display manufacturer, while this action is against a customer, supports staying this action.

Therefore, Dell respectfully requests that the Court stay this matter pending final resolution of the IPR and the earlier-filed Eastern District of Texas action.

## II. FACTUAL BACKGROUND

On August 30, 2019, Solas filed a complaint against Dell Technologies Inc., claiming infringement of the ’450 patent. (Dkt. 1.) The ’450 patent had expired on November 21, 2017.

On November 7, 2019, Dell filed an IPR petition (AIA Review Number IPR2020-00140) seeking review of numerous claims of the ’450 patent. The IPR petition seeks review of all asserted claims of the ’450 patent and a number of unasserted claims, raising prior art references and combinations of references not considered by the patent examiner during prosecution of the ’450 patent. These include U.S. Patent No. 5,670,792 (“Utsugi”), Japanese Patent Application Publication No. JPH053079 (“Manabe”), and International Publication No. WO 96/25020 (“Eida”). *See generally* Ex. 1 (IPR2020-00140 petition). In support of the ’450 IPR petition, Dr. Adam Fontecchio submitted an expert declaration explaining his opinion that all of the challenged claims were obvious to a person of ordinary skill in the art in view of the prior art references, and that many of the challenged claims of the ’450 patent are also anticipated by prior art. *See generally* Ex. 2 (IPR2020-00140 Decl. of Dr. Adam Fontecchio). Dr. Fontecchio explained the disclosures of the prior art references, the reasons why a person of ordinary skill in the art would have combined them, and the reasonable expectation of success that a person of ordinary skill in the art would have had in making the combinations. *See id.*

On November 9, 2019, after Dell filed the IPR petition, Solas filed an amended complaint, naming Dell Inc. as a defendant in place of Dell Technologies Inc., and removing the request for injunctive relief. (Dkt. 13.) On November 25, 2019, Dell filed its answer and counterclaims. (Dkt. 14.) Solas answered Dell's counterclaims on December 16, 2019. (Dkt. 19.)

On November 14, 2019, the PTAB accorded a filing date to the IPR petition. Solas filed its Patent Owner Preliminary Response to the petition on February 14, 2020. The PTAB's institution decision is due by May 14, 2020.

This case remains in its very early stages. The Court held a case management conference on January 6, 2020. (Dkt. 28.) The claim construction hearing is scheduled to take place on September 25, 2020. (Dkt. 31.) This will be more than four months after the PTAB's institution decision on the IPR petition.

As stated above, Solas has also filed a separate action against Samsung Display, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. in the Eastern District of Texas. *See Solas OLED Ltd. v. Samsung Display Co., Ltd. et al.*, No. 2:19-cv-00152-JRG (E.D. Tex.). Solas filed the Eastern District action on May 2, 2019, almost three months before filing the action against Dell. In the Eastern District action, Solas asserts infringement of the same '450 patent, and identifies the same Dell Venue 8 tablets at issue here as accused products in that case.

## III. ARGUMENT

The Court possesses the inherent power to control its docket, including the power to stay proceedings. *See, e.g.*, *Click-to-Call Techs. LP v. Ingenio, Inc.*, No. A-12-CA-465-SS, 2013 WL 11311782 (W.D. Tex. Dec. 5, 2013) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). In evaluating whether to stay a case pending IPR, courts have focused on three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving

party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Dwyer*, 2017 WL 7805760, at *1 (quoting *Soverain*, 356 F. Supp. 2d at 662). Each of these factors weigh in favor of granting a stay. In addition, principles underlying the first-to-file rule and the customer-suit doctrine further support staying proceedings based on the earlier-filed and co-pending proceedings in the Eastern District action that Solas brought against Samsung Display, the manufacturer of the displays used in the accused Dell Venue 8 tablets.

**A. Solas Will Not Suffer Undue Prejudice.**

Solas would not suffer undue prejudice from a stay. "[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis omitted). Solas is a non-practicing entity that does not compete with Dell or sell products that practice the '450 patent. A "stay will not diminish the monetary damages to which [Solas] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *Id*. The "mere delay in collecting . . . damages does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (citing *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13–CV–457–JST, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014)).

Further, the '450 patent is expired. Consequently, Solas could not face any alleged ongoing or future injury here, nor could it pursue injunctive relief. *See Orbital Australia Pty v. Daimler AG*, No. 15-CV-12398, 2015 WL 5439774 (E.D. Mich. Sept. 15, 2015) (reasoning that a stay would not unduly prejudice the plaintiffs, because, *inter alia*, the patents-at-issue had already

expired). The fact that Solas waited years after the expiration of the '450 patent to bring suit itself indicates that Solas would not be unduly prejudiced by a stay pending IPR.

**B. This Case Is in Its Early Stages.**

This case remains in a very early stage, which further supports a stay. "A stay is generally appropriate if the motion for a stay is made early in the proceedings and a stay is unlikely to prejudice the plaintiff." *Dwyer*, 2017 WL 7805760, at *1; *see also VirtualAgility*, 759 F.3d at 1317 (granting stay pending CBM review where "there remained eight months of fact discovery, the joint claim construction statements had yet to be filed, and jury selection is a year away"). "Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (internal quotation marks omitted); *see Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (reasoning that the fact that "there remains a significant amount of work ahead for the parties and the court" weighs in favor of a stay).

Dell acted promptly to seek review by the Patent Office of the '450 patent, filing its IPR petition less than three months after Solas filed its original complaint (and before Solas filed its amended complaint). Dell filed its IPR petition before the case management conference in this case. Neither claim construction briefing nor preliminary discovery has taken place.

A stay at this early stage of litigation would avoid any need to revisit claim construction or other orders in view of arguments Solas advances before the PTAB in IPR. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). *See, e.g., Versata Software, Inc. v. Callidus*

*Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (instructing that courts should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and finding that such circumstances weighed strongly in favor of a stay), *vacated based on settlement by* 780 F.3d 1134, 1136.

### C. The IPR Proceeding Will Simplify or Eliminate Issues, Streamlining Litigation and Reducing the Burden on the Parties and This Court.

The prospect of Dell's IPR petition to simplify or eliminate issues also supports a stay. Courts have recognized that "the most important factor bearing on whether to grant a stay … is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015). Because Dell's IPR petition concerns each asserted claim of the '450 patent, in this case IPR would simplify the issues and potentially resolve the case altogether.

If the PTAB invalidates the asserted claims, then a stay will have saved significant time and resources for the Court and the parties. If only some of the claims are invalidated, then IPR will have narrowed the issues and will also add prosecution history that may inform the proper construction of claim terms as well as issues of infringement and invalidity. *See id.* at *7 ("[A]ny disposition by the PTAB is likely to simplify the proceedings before this Court.").

According to the USPTO's January 2020 trial statistics (the most recent available statistics), the PTAB instituted 66% of petitions in the Electrical/Computer technology area, the technology area relevant to the '450 patent. *See* Ex. 3 (PTAB Statistics January 2020) at 7. Instituted IPRs generally lead to claim cancellation: 81% of Final Written Decisions resulted in at least one claim being found unpatentable, while 63% found all instituted claims unpatentable. *Id.* at 10.

Therefore, it is highly likely that the IPR will narrow the issues in this case significantly. Accordingly, this factor weighs in favor of granting Dell's request for a stay.

Solas's statements in IPR would also be material evidence, including as evidence for the Court to consider in claim construction. *Aylus Networks*, 856 F.3d at 1359; *see also Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Because it is possible, even likely, that at the PTO will proceed on at least one of [Defendant's] IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."). Statements made during IPR can be dispositive. *See, e.g.*, *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sept. 9, 2017).

Thus, the potential for the IPR petition to simplify or eliminate issues strongly supports a stay.

### D. Efficiency Considerations Underlying the First-to-File Rule and Customer-Suit Doctrine Further Warrant a Stay.

Because this case is the second case that Solas has filed alleging infringement of the same '450 patent by the same Dell Venue 8 tablets, additional efficiency considerations further support a stay. First, the first-to-file rule supports a stay. The first-to-file rule provides that "when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases," and "the usual rule is for the court of first jurisdiction to resolve those issues." *In re Telebrands Corp.*, 773 F. App'x 600, 602 (Fed. Cir. 2016). Here, Solas has filed two suits in different courts alleging infringement of the '450 patent by Dell Venue 8 tablets. Solas's first-filed suit is the one it brought against Samsung Display in the Eastern District.

Second, the policy considerations underlying the customer-suit doctrine support a stay.

Solas's first-filed suit in the Eastern District is against the manufacturer of the OLED displays in the accused Dell Venue 8 tablets, Samsung Display. The customer-suit doctrine "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). Although the doctrine is typically invoked as an exception to the first-to-file rule,[1] its principles also support staying cases where the suit against the manufacturer was filed before the suit against the customer. *See id.* ("While the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant."); *In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) (noting that the policies underlying the customer-suit exception are "certainly relevant in a district court's decision how to proceed within the context of a single case").

Here, Solas has filed cases against the manufacturer (Samsung Display) and a customer (Dell) in separate courts that concern the same patent and the same accused product. In this action, Solas is suing Dell for allegedly infringing the '450 patent, identifying the Dell Venue 8 tablet as the accused product. *See* Ex. 4 (Plaintiff Solas OLED Limited's Disclosure of Preliminary Infringement Contentions, *Solas OLED Ltd. v. Dell Inc.*, No. 6:19-cv-00514-ADA (W.D. Tex. Dec. 26, 2019)). In the Eastern District action, Solas is likewise alleging infringement of the '450 patent and identifies the Dell Venue 8 tablet as an accused product. *See Solas OLED Ltd. v. Samsung Display Co., Ltd., et al.*, No. 2:19-cv-00152-JRG (E.D. Tex.). Courts have recognized

---

[1] *See, e.g.*, *In re Nintendo*, 756 F.3d at 1365 ("When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." (citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) and *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). In fact, the willingness of courts to stay even a first-filed customer case in favor of a manufacturer suit underscores the strength of the policy favoring resolution of a manufacturer suit before customer suits. Here, that policy applies with equal force, and the applicability of the first-to-file rule strengthens the basis for a stay.

that staying the customer suit may be appropriate to "avoid wasted resources" if, as here, "the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014). Indeed, if in the Eastern District the asserted claims of the '450 patent are found to be invalid, or the display used in the Dell Venue 8 tablet is found not to infringe the '450 patent, then Solas's claim against Dell would be barred by issue preclusion. *See Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994) ("[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under principles of collateral estoppel."); *ArcelorMittal Atlantique et Lorraine v. AK Steel Corp*., 908 F.3d 1267 (Fed. Cir. 2018) ("With respect to non-infringement, where an alleged infringer prevails, the accused products gain non-infringing status and the alleged infringer acquires the status of a non-infringer to the extent that the accused products remain the same.").

Thus, the principles underlying the first-filed rule and the customer suit doctrine further support a stay of this action.

## IV. CONCLUSION

Dell respectfully requests that the Court stay this case, pending resolution of the IPR of the '450 patent and based on Solas's first-filed case against the accused OLED display manufacturer, Samsung Display, in the Eastern District of Texas.

Dated: March 16, 2020

Respectfully submitted,

***/s/ Melissa R. Smith***

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANT DELL INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, March 16, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

***/s/ Melissa R. Smith***
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Dell Inc. conferred with counsel for Solas OLED Ltd., on March 13, 2020, in a good-faith effort to resolve the matter presented herein, and counsel for Solas stated that it would oppose the motion.

***/s/ Melissa R. Smith***
Melissa R. Smith